

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Cleveland Davis
County Attorney
Brazoria County
Angleton, Texas

Dear Sir:

Overruled by 0-5192-a

Opinion No. 0-5192
Re: Are the officers of the
Brazos River Harbor Navi-
gation District of Brazoria
County, Texas, to be elect-
ed by the qualified voters
of such district or appoint-
ed by the commissioners'
court of Brazoria County,
Texas?

Your letter of April 7, 1943, requesting the opin-
ion of this department on the above stated question, reads
in part as follows:

"Will you please advise me as to whether or
not the officers of the Brazos River Harbor Navi-
gation District of Brazoria County, Texas, are to
be elected by the qualified voters of such dis-
trict or appointed by the Commissioners' Court
of Brazoria County, Texas.

"For your information this district was or-
ganized a number of years ago and, therefore, any
provision in the law for the appointment of the
officers for the first term of office would not
be under consideration here. It has been the
practice of the Commissioners' Court of Brazoria
County, Texas, since the organization of this
district to appoint all of the officers, includ-
ing the Chairman of such district."

The Brazos River Harbor Navigation District of
Brazoria County, Texas, was one of the defendants in the

case of Smith, et al., v. Wilson, et al., 13 Fed. (2d) 1007.
With reference to the constitutional and statutory provisions
under which said district was created we quote from the above
mentioned case as follows:

" . . . .

"Section 59, art. 16, of the state Constitu-
tion, is the expression of the public policy of
this state for the conservation and development
of all its natural resources, including the navi-
gation of its many inland waters, and the utiliza-
tion of its long and favorable coast line. It
declares:

"'There may be created within the state of
Texas, or the State may be divided into, such num-
ber of conservation and reclamation districts as
may be determined to be essential to the accom-
plishment of the purposes of this amendment to
the Constitution, which district shall be govern-
mental agencies and bodies politic and corporate
with such powers of government and with the au-
thority to exercise such rights, privileges and
functions concerning the subject-matter of this
amendment as may be conferred by law.'

"The Legislature is authorized and direct-
ed to make provision for the creation of the dis-
trict and the levy and collection of the taxes.

"To effectuate this constitutional mandate,
the Thirty-Ninth Legislature enacted the law un-
der which the navigation district was formed.
This act, chapter 5 of the Acts of the Thirty-
Ninth Legislature, also found in R. S. 1925,
fully and in detail sets out the procedure under
which this district was organized, provides for
a hearing before and judgment by the commission-
ers' court on petition, which hearing should be
had after notice, at which hearing those for and
against the district had the right to contest or
to contend for its creation, and offer testimony
in favor or against the district, to show that

Honorable Cleveland Davis, page 3

the proposed improvement or improvements would or would not be of any public benefit, and would or would not be feasible or practicable, and as to any other matters pertaining to the district.

"It provides that the county commissioners' court shall have exclusive jurisdiction of the hearing, and shall determine all contests and objections, and all matters pertaining to the creation of the district, and all judgments or decisions rendered by the court shall be final, and it expressly authorizes that court to adopt, reject, or change, as it deemed best, the proposed boundaries.

"It provides minutely and in detail for the holding of an election, for canvassing and declaring the result of it, the issuanceof bonds, and the levy of ad valorem taxes to pay therefor, and specifically authorizes the district to cooperate with the government of the United States in matters of any proposed development."

Chapter 5 of the Acts of the Thirty-ninth Legislature is brought forth in Vernon's Annotated Civil Statutes as Article 8263h.

Sections 3, 13 and 16 of Article 8263h, Vernon's Annotated Civil Statutes, read as follows:

"Sec. 3. In the event the boundaries of the proposed district shall include a city or cities, or a part or parts thereof, acting under special charter granted by the Legislature, the hearing of said petition, hereinafter provided for, shall be had before the county judge and the members of the commissioners' court and the mayor and aldermen or commissioners, as the case may be, of said city or cities; and said persons shall constitute a board to be known and designated as the navigation board, to pass upon the petition aforesaid. Each individual member of said board shall be entitled to a vote. A majority in number of the individuals composing said board shall constitute a quorum, and the action of a majority of the quorum shall control."

Honorable Cleveland Davis, page 4

"Sec. 13. After the establishment of any navigation district, as herein provided, the commissioners' court, or navigation board, as the case may be, shall appoint three navigation and canal commissioners, all of whom shall be residents of the proposed navigation district, who shall be freehold property taxpayers and legal voters of the county, whose duties shall be as hereinafter provided, and who shall each receive for their services such compensation as may be fixed by the commissioners' court and made of record. Said navigation and canal commissioners shall hold office for the term of two years, and until their successors have qualified, unless sooner removed by the majority vote of the county commissioners, or navigation board, as the case may be, for malfeasance or nonfeasance in office. Upon the expiration of the term of office of said navigation and canal commissioners, the commissioners' court, or navigation board, as the case may be, shall appoint their successors by a majority vote. Should any vacancy occur through the death or resignation or otherwise of any commissioners, the same shall be filled by the commissioners' court, or the navigation board, as the case may be."

"Sec. 16. Said commissioners shall also organize by electing one of their number chairman and one secretary, and two of the commissioners shall constitute a quorum, and a concurrence of two shall be sufficient in all matters pertaining to the business of said district."

When you refer to the officers of the Brazos River Harbor Navigation District of Brazoria County, Texas, we assume that you are referring to the three navigation and canal commissioners of said navigation district. Your letter does not indicate whether or not the boundaries of the navigation district include a city or cities, or a part or parts thereof, acting under special charter granted by the Legislature. In the absence of any statement to the contrary, we assume that there is no navigation board of said district as mentioned in Section 3 of Article 8263h, supra.

Honorable Cleveland Davis, page 5

In view of the foregoing statutory provisions it is our opinion that the navigation and canal commissioners of said navigation district should be appointed by the commissioners' court of Brazoria County. There is no statutory authority authorizing the qualified voters of said navigation district to elect the navigation and canal commissioners.

It is noted that you state in effect in your letter that the commissioners' court appoints the chairman of such district. With reference to the foregoing statements, it is our opinion that under Section 16 of Article 8263h, supra, that the chairman should be selected as provided in said Section 16 and that the commissioners' court has no authority to designate the chairman.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:db

APR 15. 1943
*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS



APPROVED OPINION COMMITTEE BY BWB CHAIRMAN